UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

BRIAN W. PEACHEY,  Case No. 04-06282-BKC-3P3

Debtor.

---

## AMENDED CHAPTER 13 PLAN

The debtor hereby submits the following Amended Plan:

1. The future earnings of the debtor are submitted to the supervision and control of the Bankruptcy Court, and the debtor shall pay to the trustee the sum of **$293.00** per month for a period of Sixty (60) months.

2. From the payments submitted by the debtor, the trustee shall make distribution as follows:

   A. <u>Priority Claims</u>.

   (1) The fees and expenses of the trustee shall be paid over the life of the Plan as set by the United States Trustee.

   (2) Debtor owes attorney fees to **PINKSTON AND PINKSTON, P.A.** in the amount of **$2,344.00** which the trustee shall pay at the rate of **$278.00** per month until paid in full. The remaining balance of these monthly payments shall be applied to Americredit as specified in paragraph A(2) below; then to the unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been avoided.

   B. <u>Secured Claims</u>.

   (1) **AMERICREDIT** holds a lien on debtor's 2000 Ford F-250 in the amount of **$22,406.00**. The fair market value of the collateral is **$11,000.00** which the trustee shall pay (at 8%) according to the provisions of paragraph A(2) above to pay this creditor in full satisfaction of this debt. Debtor intends to file a motion to value the collateral. If this creditor received adequate protection payments by Court order at any amount in excess of **$223.08** provided in this Plan, then the unsecured creditors and perhaps secured creditors may not receive scheduled distribution payments from the trustee after confirmation of debtor's Chapter 13 Plan for several months due to the amount paid to this creditor during the interim period prior to confirmation.

   C. <u>Unsecured Claims</u>. The trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been avoided.

3. Any creditor's claim (other than governmental units) filed after October 25, 2004 will receive no distribution under this plan unless specifically provided for above or unless debtor files the same on behalf of a creditor. Governmental units shall have until November 10, 2004 within which to file a claim with the court.

4. All creditors shall retain their liens to the extent permitted by 11 U.S.C. Section 506(d).

5. To satisfy the requirements of Section 365 of the Bankruptcy Code, debtor hereby expressly assumes all of his leases and executory contracts in which he is party and no lease nor executory contract entered into by debtor is being rejected.

6. Title to debtor property shall revest in the debtor upon confirmation of this Plan.

7. *Except as provided for in the plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorney's fees will be paid to or accessible by any secured creditor. 11 U.S.C. Section 1327(a) provides:*

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

*Once debtor successfully completes the Chapter 13 plan and a discharge is entered by the Court, NO SECURED CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST OR ATTORNEY'S FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE.*

DATED this 16th day of July, 2004.

PINKSTON & PINKSTON, P.A.

*[signature]*

David J. Pinkston
Florida Bar Number 0985619
T. Eileen Dolaghan
Florida Bar Number 0193844
Post Office Box 4608
Jacksonville, Florida 32201
904/389-5880; Fax 904/389-9957
Attorney for Debtor